Lin v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
>           DENNIS JACOBS,
>                 *Chief Judge,*
>           JON O. NEWMAN,
>           PIERRE N. LEVAL,
>                 *Circuit Judges.*

———————————————————————

| | |
|---|---|
| LI YANG WU v. HOLDER,<br>A099 930 987 | 10-1947 |

———————————————————————

| | |
|---|---|
| XIE CHENG v. HOLDER,<br>A094 939 375 | 10-2870 |

———————————————————————

| | |
|---|---|
| LI ZHONG LIN, AKA LI JUNG LIN,<br>MEI FANG ZHENG v. HOLDER,<br>A077 293 565<br>A099 928 142 | 11-154 |

———————————————————————

| | |
|---|---|
| ZENG YUAN ZHANG, QIU YUE LIU<br>v. HOLDER,<br>A099 927 040<br>A099 927 041 | 11-533 (L)<br>11-539 (Con) |

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA affirming the decision of an immigration judge ("IJ") denying asylum and related relief.  The applicable standards of review are well-established.  *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claims that they fear persecution because they have had one or more children in the United States, which they contend is in violation of China's population control program.  For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's decisions.  *See id.* at 158-72.

In *Xie Cheng v. Holder*, No. 10-2870, we find no error in the agency's determination that the family planning fine imposed on petitioner did not constitute economic persecution.  *See Guan Shan Liao v. U.S. Dep't of Justice*,

293 F.3d 61, 70 (2d Cir. 2002) (recognizing that in order to establish economic persecution, "an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage.") (internal quotation marks and citations omitted); *see also Matter of T-Z-*, 24 I. & N. Dec. 163, 173-74 (BIA 2007). In *Xiang Chen, Wen Zhen Wang v. Holder*, No. 11-1830, we do not consider petitioners' arguments that were unexhausted before the BIA, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007), and we decline to take judicial notice of, or remand for consideration of, evidence not in the record, *see* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v.* Gonzales, 494 F.3d 260, 269-70 (2d Cir. 2007).

We also conclude that the Board did not abuse its discretion when, in certain cases, it declined to credit letters of a few individuals who claimed they had been required to undergo sterilization because (1) the letter were unauthenticated, (2) Petitioner failed to demonstrate that the circumstances of the authors were similar to his, and (3) the Board in other cases has rejected such isolated reports of forced sterilization in light of significant country evidence to the contrary. *See, e.g., Jian Hui Shao*, 546 F.3d at 153, 159-61, 172.

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

05212012-11-15                              4